UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| OMID SOURESRAFIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00210-JPH-MG |
| ) | |
| MICHAEL CARVAJAL, ) | |
| ANDRE MATEVOUSIAN[1], ) | |
| KALIS, ) | |
| T. RULE, ) | |
| JASON CHRISTOPHER, ) | |
| YVONNE CARLON, ) | |
| NAVID SOUFEVZADEH, ) | |
| ) | |
| Defendants. ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Omid Souresrafil is a prisoner who was previously incarcerated at the Federal Correctional Institution in Lompoc, California ("FCI Lompoc"). He currently is incarcerated at the Federal Correctional Institution in Terre Haute ("FCI Terre Haute"). Mr. Souresrafil filed this lawsuit contending various officials at both FCI Lompoc and FCI Terre Haute violated his civil rights. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

---

[1] The **Clerk is directed** to add "Andre Matevousian" as a defendant in this action.

1

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Souresrafil has sued seven different defendants and identified them as follows: Michael Carvajal, Director of the Bureau of Prisons ("BOP"); Andre Matevousian, Regional Director of the BOP; Warden Kalis, Complex Warden, FCI Terre Haute; Warden T. Rule, Warden, FCI Terre Haute; Jason Christopher, Medical Administrator, FCI Lompoc; Yvonne Carlon, Camp Unit Manager, FCI Lompoc; and Navid Soufehvzadeh, Medical Director, FCI Lompoc. Mr. Souresrafil's complaint makes the following allegations.

Mr. Souresrafil was sentenced to ninety-two months imprisonment for wire fraud in the District of Minnesota in 2019. *See United States v. Souresrafil*, No. 0:18-cr-00091-JNE-TNL-1 (D. Minn. 2018). He began serving his sentence at FCI Lompoc in California. While at FCI Lompac, Mr. Souresrafil alleges he was denied life-saving medication and medical care. He also alleges he was misdiagnosed with COVID-19 and placed in quarantine for three weeks, where he almost died. Dkt. 1 at 15. Mr. Souresrafil alleges he was told by Yvonne Carlon that he would be released under the CARES Act because of his health conditions, which include asthma, high blood pressure, and a debilitating autoimmune disorder which requires him to take an

2

immunosuppressant. He instead was transferred to FCI Terre Haute—allegedly out of retaliation for requesting medical care. *Id.* at 16.

At some point during the transfer, Mr. Souresrafil states he was forced to eat pork, which is against his religion. BOP staff told him he was a "greedy jew" and that "jews are used to being hot." *Id.* at 16.

In February 2022, FCI Terre Haute was put on lockdown, and Mr. Souresrafil was placed in a "decrepit" unit with other inmates. He complains that inmates slept on the floor and in closets, and the unit was rife with cigarette smoke and illegal contraband. *Id.* at 16–17. Mr. Souresrafil states he had to suffer for over two weeks because he contracted COVID-19 and had to inhale cigarette smoke. *Id.* at 17.

In addition to the allegations above, Mr. Souresrafil brings claims for unconstitutional conditions of confinement, violations of his substantive and procedural due process rights, and violations of the Administrative Procedure Act. He seeks compensatory and punitive damages as well as injunctive relief.

### III. Discussion

The plaintiff's complaint as currently structured must be dismissed because it alleges unrelated claims against unrelated defendants in violation of Rules 18 and 20 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 18, 20. Rule 18 permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. *Id.* at 18(a). Rule 20 requires that the plaintiff assert at least one claim against all defendants "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action." *Id.* at 20(a)(2). Working together, these two Rules mean that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from

dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Mr. Souresrafil's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants for various discrete episodes occurring during the entirety of his incarceration. He attempts to bring medical care, retaliation, and First Amendment religious claims against officials at FCI Lompoc, and he attempts to bring medical care, and unlawful conditions of confinement claims against officials at FCI Terre Haute. He also seeks to vindicate his substantive and procedural due process rights and his rights under the Administrative Procedure Act for not being released to home confinement despite promises from BOP officials at both institutions to the contrary. Mr. Souresrafil's complaint appears to represent his catalogue of everything that has happened to him while he's been incarcerated to which he takes exception. This is improper. *George*, 507 F.3d at 607 (explaining a "buckshot" complaint should be rejected under Rule 20). Mr. Souresrafil's complaint is therefore **dismissed**.

## IV. Opportunity to Amend

Mr. Souresrafil will be allowed to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is**

**directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order. Any amended complaint should have the proper case number, 2:22-cv-00210-JPH-MG, and the words "Amended Complaint" on the first page. If he chooses to file an amended complaint, he may only advance properly related claims. This means he should choose which of his claims he wishes to pursue in this litigation. Any unrelated claim not pursued in this case must be brought in a separate action.

The amended complaint shall supersede the prior complaint and must be complete in itself without reference to the original complaint. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The plaintiff shall have **through October 11, 2022 to file an amended complaint**. If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. If no amended complaint is received this action shall be dismissed without prejudice.

**SO ORDERED**.

Date: 9/13/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

OMID SOURESRAFIL
21524041
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808