UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| OMID SOURESRAFIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00210-JPH-MG |
| | ) | |
| MICHAEL CARVAJAL, | ) | |
| ANDRE MATEVOUSIAN, | ) | |
| KALIS, | ) | |
| T. RULE, | ) | |
| JASON CHRISTOPHER, | ) | |
| YVONNE CARLON, | ) | |
| NAVID SOUFEVZADEH, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Emergency Motion for Review of this Case
Due to the Risk of Extreme Bodily Injury**

Plaintiff, Omid Souresrafil is an inmate at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). He filed this action alleging a variety of federal officials violated his constitutional rights. Mr. Souresrafil has filed an emergency motion for expedited review of this case due to the risk of extreme bodily injury or possible death, *see* dkt. 14, which the Court construes a motion for preliminary injunctive relief.

**I. Emergency Motion for Review of Case**

Mr. Souresrafil states that he was placed in segregated housing on July 13, 2022. Dkt. 14 at 1. Since then, he asserts his medications have been withheld from him, causing him extreme pain and suffering. *Id.* at 1–2. He contends he has not been seen by a doctor in over two months, and his healthcare requests have either been ignored or lost. *Id.* at 2.

1

## II. Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Here, Mr. Souresrafil's complaint was screened and dismissed for violating Rules 18 and 20, and so, at present, there is no operative pleading or pending claims for which to grant injunctive relief. *See Hubbard v. Centurion Health of Ind.*, No. 2:22-cv-00362-JMS-DLP (S.D. Ind. Sep. 6, 2022) (Dkt. 6) (denying motion for preliminary injunction where no complaint was pending).

Even if Mr. Souresrafil's complaint had not been dismissed, none of the claims alleged in his complaint concern the denial of medical care at FCI Terre Haute. Mr. Souresrafil's complaint concerns conduct that occurred prior to May 2022; his motion for preliminary injunctive relief concerns the alleged denial of medical care after he was placed in segregation in July 2022. He therefore has not established that his claims in the complaint are related to the claims in his request

for injunctive relief, and so his motion for preliminary injunctive relief must be denied. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint."); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) ("A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Mr. Souresrafil may renew his request for preliminary injunctive relief at a later date, if he chooses to file an amended complaint and the claims in the amended complaint relate to the claims for which he is seeking injunctive relief.

### III. Conclusion

Because Mr. Souresrafil's request for injunctive relief is outside the scope of the claims raised in his initial complaint and there is no operative pleading in this action, his motion for preliminary injunctive relief, dkt. [14], is **denied**.

**SO ORDERED**.

Date: 9/13/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

OMID SOURESRAFIL
21524041
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

3