UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| OMID SOURESRAFIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00210-JPH-MG |
| | ) | |
| MICHAEL CARVAJAL, | ) | |
| KALIS, | ) | |
| T. RULE, | ) | |
| JASON CHRISTOPHER, | ) | |
| YVONNE CARLON, | ) | |
| NAVID SOUFEVZADEH, | ) | |
| ANDRE MATEVOUSIAN, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motions to Vacate,
Vacating Entry of Final Judgment, and
Directing Clerk to Reopen Action**

Plaintiff Omid Souresrafil filed this civil rights action on May 26, 2022. Dkt. 1. His complaint was screened and dismissed for violating Federal Rule of Civil Procedure 8 and 20. Dkt. 16. Mr. Souresrafil was granted leave to file an amended complaint. *Id.* After he failed to respond, this matter was dismissed and final judgment was entered. Dkts. 20, 21.

Mr. Souresrafil has since filed two motions: 1) a "motion to notify Court of inability to notify the court due to being moved to another district," and 2) a "motion to allow to submit complaint form." Dkts. 24, 25. In these motions, Mr. Souresrafil explains he was not able to timely file an amended complaint because he was in a special handling unit where all of his legal mail was deliberately lost, and he was being transferred to a different facility. *See* Dkt. 24. Additionally, the docket reflects that Mr. Souresrafil was previously incarecerated at FCI Terre Haute, and he now is incarcerated at FCI Terminal Island. Dkt. 24.

1

Mr. Souresrafil's motions are construed as motions to vacate under Federal Rule of Civil Procedure 59(e) since they were filed within twenty-eight days of entry of final judgment. *See Miller v. Indeeds, Inc.*, No. 22-1403, 2022 WL 4095771, at *1 (7th Cir. Sep. 7, 2022) ("[Plaintiff] filed a motion to 'reinstate the case,' which, given the timing, the court properly construed as a motion to vacate under Federal Rule of Civil Procedure 59(e)."). "Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Here, Mr. Souresrafil states he was in a special handling unit where all of his legal mail was deliberately lost, and he states he could not file an amended complaint because he was being transferred to a different facility. Based on this new evidence before the Court, Mr. Souresrafil has established good cause for failing to comply with the Court's previous deadline and is entitled to relief from the final judgment that was previously entered. *E.g.*, *Snowden v. Federal Bureau of Prisons*, 2:21-cv-00299-JRS-DLP (S.D. Ind. 2021) (Dkt. 24) (granting inmate relief from judgment and reopening action where he was in the hospital and did not receive the Court's orders).

Accordingly, Mr. Souresrafil's motions for relief from judgment, dkts. [24] and [25], are **granted**. The **clerk is directed** to reopen this action on the docket and **vacate** the Order dismissing this action and final judgment on December 2, 2022. Dkts. 20 and 21. Mr. Souresrafil is granted leave to file an amended complaint.

When filing his amended complaint, Mr. Souresrafil should refer to the Court's screening order of his original complaint in effort to cure the deficiencies the Court identified in his original complaint. *See* Dkt. 16. The Court reminds Mr. Souresrafil that his amended pleading must include every defendant, claim, and factual allegation he wishes to pursue in this action. Put differently,

anyone reading Mr. Souresrafil's amended complaint should be able to clearly understand what all of his claims are without referencing back to any prior version of his complaint. Mr. Souresrafil is again reminded that his amended complaint must comport with Federal Rules of Procedure 18 and 20, and it should not advance unrelated claims against multiple defendants. If Mr. Souresrafil wants to bring unrelated claims, he must do so by filing separate actions.

The amended complaint should have the proper case number, 2:22-cv-00210-JPH-MG, and the words "Amended Complaint" on the first page. The **clerk is directed** to include a complaint form with Mr. Souresrafil's copy of this Order. The **clerk is also directed** to update Mr. Souresrafil's address to the following:

> Omid Souresrafil
> Reg. No. 21524-041
> Terminal Island – FCI
> Inmate Mail/Parcels
> P.O. Box 3007
> San Pedro, CA 90731

Mr. Souresrafil **shall have through March 1, 2023** to file an amended complaint in this action.

**SO ORDERED.**

Date: 2/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

Omid Souresrafil
Reg. No. 21524-041
Terminal Island – FCI
Inmate Mail/Parcels
P.O. Box 3007
San Pedro, CA 90731